IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BRACKEN <br>     Plaintiff <br><br> v. <br><br> DOLGENCORP, LLC D/B/A DOLLAR GENERAL AND DOLLAR GENERAL CORPORATION AND DOLLAR GENERAL DISTRIBUTION CENTER AND WERNER ENTERPRISES AND STEPHEN KUJOVSKY <br>     Defendants | NO: <br><br> *NOTICE OF REMOVAL* |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ON NOTICE TO:**
L. Leonard Lundy, Esquire
Andrew J. Van Wagner, Esquire
Lundy Law
1625 Market Street, 19th Floor
Philadelphia, PA 19103
Counsel for Plaintiff

PLEASE TAKE NOTICE that Defendants Dolgencorp, LLC and Stephen Kujovsky (hereinafter "Removing Defendants") hereby remove this action to this Federal Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Defendants Dolgencorp, LLC and Stephen Kujovsky respectfully submit as follows:

1.    On August 8, 2018 Plaintiff filed a Civil Action against Defendants Dolgencorp, LLC, Stephen Kujovsky and others in the Court of Common Pleas for Philadelphia County styled *Andrew Bracken v. Dolgencorp, LLC, Dollar General Corporate Headquarters, Dollar General Distribution Center, Stephen Kujovsky and Werner Enterprises,* August Term 2018 No. 350 (hereinafter "State Court Action"). A copy of the Complaint is attached and marked as Exhibit "A."

2. Plaintiff's Complaint alleges negligent conduct against the Defendants for allowing a dangerous condition to exist on "trailer #11824" in the form of a broken lift gate which is alleged to be the proximate cause of injuries while Plaintiff was unloading the trailer at a Dollar General retail location at 1146 Broadway Street Elmira, NY. Id. at paragraphs 12-14.

3. Plaintiff's Complaint alleges injuries to include: severe and permanent injuries. . . herniations to the lumbar spine and corresponding radiculopathy. . . internal juries of an unknown nature. . . aches, pains, mental anguish. . . aggravation and/or exacerbation of injuries both known and unknown." Id. at paragraph 15.

4. The Complaint does not contain a specific prayer for relief other than allegations the value exceeds the local jurisdictional amount for arbitration of fifty thousand ($50,000.00) dollars. See Exhibit "A."

5. A review of the allegations of the Complaint could not provide a good faith basis to determine an amount in controversy.

6. On October 29, 2018 Movants' counsel sought a settlement demand from Plaintiff's counsel and was advised for the first time that a demand could not be made as the Plaintiff was still in treatment and there was potential for surgical intervention.

7. Based on the continued treatment of the Plaintiff with surgical considerations, Movants now have a good faith basis to believe for the first time that an amount in controversy is in excess of $75,000.

8. Removal is timely pursuant to 28 U.S.C. §1446(b) in that this Petition is being filed within thirty (30) days after Movants received notice that the amount in controversy is satisfied.

9. The Court of Common Pleas for Philadelphia County is located within the district for the United States District Court for the Eastern District of Pennsylvania.

10. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, making this action removable.

11. Upon information and belief, Plaintiff's residence and domicile is at 13512 Bustleton Avenue, Philadelphia, PA 19116. Thus, Plaintiff is a citizen of the Commonwealth of Pennsylvania in accordance with 28 U.S.C. §1332. See Exhibit "A" at ¶1.

12. Defendant Dolgencorp, LLC is a single member, manager managed limited liability company organized under the laws of Kentucky with its principle place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

13. Codefendants "Dollar General Corporation" and "Dollar General Distribution Center" are misnamed and non-jural parties.

14. A party who asserts that a defendant is improper or fraudulently joined must sufficiently support their contention in order to properly excuse their failure to participate in the action. See Katz v. Grayling Corp., 2007 WL 4530997, at 2 (E.D.Pa. Dec.20, 2007).

15. "Dollar General Corporation" is a parent of "Dolgencorp, LLC" with no ownership or operating interest in any retail store trading as "Dollar General."

16. "Dollar General Distribution Center" is the name of a building. This party has no ownership or operating interest in any retail store trading as "Dollar General."

17. Defendant "Dolgencorp, LLC" is the sole legal entity who operates stores trading as "Dollar General" in the State of New York and the Commonwealth of Pennsylvania.

18. The named individual Defendant, Stephen Kujovsky (hereinafter "Kujovsky"), is a fraudulently joined Defendant whose citizenship can be disregarded for jurisdictional purposes. See In re Briscoe, 448 F.3d. 201, 216-217 (3d. Cir. 2006).

19. A defendant is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Briscoe, supra, at

216 *quoting* <u>Abels v. State Farm Fire and Casualty Company</u>, 770 F.2d. 26, 32 (3d. Cir. 1985)(emphasis added).

20. Count V of the Complaint does not allege any independent acts of negligence as against Kujovsky but rather the totality of the pleading demonstrates he was acting in the course and scope of his employment with Dolgencorp, LLC. See Exhibit "A."

21. Defendant Kujovsky has been fraudulently joined in this litigation. See Kujovsky Affidavit attached as Exhibit "B."

22. Co-Defendant Werner Enterprises is a business entity both incorporated and maintaining its principle place of business in the state of Nebraska and, therefore, a citizen of that state in accordance with 28 U.S.C. §1332.

23. Co-Defendant Werner Enterprises consents to this Removal Petition and all Defendants are unanimous.

24. Diversity exists as to the proper defendants. <u>See</u> 28 U.S.C. §1332(a)(2); *Moore's Federal Practice* § 107.14(2)(c) ("a federal district court has original jurisdiction of all civil actions in which the amount in controversy is satisfied and the action is between citizens of the state and citizens or subjects of a foreign state. This judicial power has often been referred to as alienage jurisdiction.")

25. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and Orders that have transpired in the State Court Action have been attached at Exhibit "A."

26. In compliance with 28 U.S.C. §1446(d), Moving Defendants will, upon receipt of a federal court docket number, promptly serve the Prothonotary for the Court of Common Pleas for Philadelphia County with a true and good copy of the within Petition for Removal.

WHEREFORE, the Removing Defendants hereby give notice that the above action, now pending against them in the Court of Common Pleas for Philadelphia County, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire
Attorneys for Defendants
Dolgencorp, LLC and Stephen Kujovsky