# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2018**

E-Filing Number: 1808018237

**000350**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANDREW BRACKEN | DOLGENCORP, LLC DBA DOLLAR GENERAL |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 13512 BUSTLETON AVENUE APT. 4206 PHILADELPHIA PA 19116 | 100 MISSION RIDGE GOODLETTSVILLE TN 37072 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WERNER ENTERPRISES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 14507 FRONTIER ROAD OMAHA NE 68145 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | STEPHEN KUJOVSKY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2012 KLINE STREET LEBANON PA 17042 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 5 | ☒ Complaint ☐ Writ of Summons | ☐ Petition Action ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE**

2S – PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** AUG 08 2018 M. BRYANT | IS CASE SUBJECT TO COORDINATION ORDER? YES    NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ANDREW BRACKEN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ANDREW VANWAGNER | LUNDY LAW, LLP 1635 MARKET STREET 19TH FLOOR PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)567-3000 | (215)567-2700 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 309486 | avanwagner@lundylaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ANDREW VANWAGNER* | Wednesday, August 08, 2018, 02:12 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

08/20/2018

**COMPLETE LIST OF DEFENDANTS:**

1. DOLGENCORP, LLC DBA DOLLAR GENERAL
   100 MISSION RIDGE
   GOODLETTSVILLE TN 37072
2. WERNER ENTERPRISES
   14507 FRONTIER ROAD
   OMAHA NE 68145
3. STEPHEN KUJOVSKY
   2012 KLINE STREET
   LEBANON PA 17042
4. DOLLAR GENERAL DISTRIBUTION CENTER
   30 MARTHA DRIVE
   BETHEL PA 19507
5. DOLLAR GENERAL CORPORATE HEADQUARTERS
   100 MISSION RIDGE
   GOODLETTSVILLE TN 37072

08/20/2018

LUNDY LAW, LLP
BY: ANDREW J. VAN WAGNER, ESQUIRE
IDENTIFICATION NO. 309486
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-567-3000
avanwagner@lundylaw.com

ATTORNEY FOR PLAINTIFF

ASSESSMENT OF DAMAGES HEARING:

[ x ] IS [ ] IS NOT REQUIRED
[ x ] Jury   [ ] Non-Jury   [ ] Arbitration

Andrew Bracken
13512 Bustleton Avenue
Apt. 4206
Philadelphia, PA  19116

Plaintiff(s)

v.

DOLGENCORP, LLC d/b/a Dollar General
100 Mission Ridge
Goodlettsville, TN  37072

(See Additional Defendants Attached)

Defendant(s)

*COURT OF COMMON PLEAS*

*PHILADELPHIA COUNTY*

Trial Division

AUGUST TERM, 2018

No

NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| ``You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | `Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| ``YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | ``LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **LAWYER REFERRAL SERVICE**<br>1 Reading Center<br>Philadelphia, PA 19107<br>215-238-1701 | **LAWYER REFERRAL SERVICE**<br>1 Reading Center<br>Philadelphia, PA 19107<br>215-238-1701 |

Case ID: 180800350

08/20/2018

**Additional Defendants:**

Dollar General Corporate Headquarters
100 Mission Ridge
Goodlettsville, TN  37072

and

Dollar General Distribution Center
30 Martha Drive
Bethel, PA  19507

and

Werner Enterprises
14507 Frontier Road
Omaha, NE  68145

and

Stephen Kujovsky
2012 Kline Street
Lebanon, PA  17042

2

Case ID: 180800350

08/20/2018

LUNDY LAW, LLP
BY:  ANDREW J. VAN WAGNER, ESQUIRE
IDENTIFICATION NO.:  309486
1635 MARKET STREET, 19th FLOOR
PHILADELPHIA, PA  19103-2297
(215) 567-3000
avanwagner@lundylaw.com

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Andrew Bracken<br>13512 Bustleton Avenue<br>Apt. 4206<br>Philadelphia, PA  19116 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |

Plaintiff

AUGUST TERM, 2018

v.

NO. _____

DOLGENCORP, LLC d/b/a Dollar General
100 Mission Ridge
Goodlettsville, TN 37072

And

Dollar General Corporation
100 Mission Ridge
Goodlettsville, TN 37072

And

Dollar General Distribution Center
30 Martha Drive
Bethel, PA 19507

And

Werner Enterprises
P.O. Box 45308
14507 Frontier Road
Omaha, NE  68145

And

Stephen Kujovsky
2012 Kline Street
Lebanon, PA 17042

Defendants

Case ID: 180800350

08/20/2018

## COMPLAINT

1.     Plaintiff, Andrew Bracken, is an adult individual who resides at address noted in the caption.

2.     Defendant, DOLGENCORP, LLC, d/b/a is a business entity with a registered office located at the address noted in the caption.

3.     Defendant, Dollar General Corporation, is a business entity with a registered office located at the address noted in the caption.

4.     Defendant, Dollar General Distribution Center is a business entity with a registered office located at the address noted in the caption.

5.     Defendant, Werner Enterprises, is a business entity with a registered office located at the address noted in the caption.

6.     Defendant, Stephen Kujovsky, is an adult individual who resides at the address noted in the caption.

7.     Upon information and belief, all Defendants regularly conduct business in the Philadelphia County.

8.     At all times relevant hereto, defendants, upon information and belief, Werner Enterprises, DOLGENCORP, LLC d/b/a Dollar General, Dollar General Corporation, Dollar General Distribution Center and/or Stephen Kujovsky owned, operated, leased, maintained, managed, supervised, possessed and/or controlled tractor trailer #11824.

9.     At all times relevant hereto, upon information and belief, trailer #11824 was stored, maintained, managed, controlled and supervised at Dollar General Distribution Center located at 30 Martha Drive, Bethel, PA 19507.

10.     At all times relevant hereto, upon information and belief, Defendant Stephen

Case ID: 180800350

08/20/2018

Kujovsky, was the Director of the Dollar General Distribution Center located at 30 Martha Drive, Bethel, PA 19507.

11.     At all times relevant hereto, there was a dangerous and/or hazardous condition in the nature of a defective and/or broken lift gate on trailer #11824.

12.     At all times relevant hereto, all Defendants were enshrined with the duty to keep trailer #11824 free from any dangerous and/or hazardous conditions.

13.     On, February 16, 2017, at approximately 1:00 PM, Plaintiff, Andrew Bracken, was loading goods into trailer #11824 at a Dollar General store located at 1146 Broadway Street, Elmira, NY.

14.     At the aforesaid date and time, the lift gate in trailer #11824, malfunctioned and/or failed to work properly in so far as it did not become flush with the bottom of the trailer causing, Plaintiff, Andrew Bracken, to sustain serious and permanent injuries while attempting to unload said goods from the trailer.

15.     At all times material hereto, Defendants, acted and/or failed to act by and through its respective agents, servants, workmen and/or employees. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Andrew Bracken, has suffered severe and permanent injuries to his body which include but are not limited to, herniations to the lumbar spine and corresponding radiculopathy.  Plaintiff, Andrew Bracken, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Andrew Bracken, sustained an aggravation and/or exacerbation of injuries both known and unknown.  He has in the past and will in the future undergo severe pain and is unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

Case ID: 180800350

08/20/2018

16.     As a direct and proximate result of the negligence of Defendants, Plaintiff, Andrew Bracken, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

17.     As a direct and proximate result of the negligence of Defendants, Andrew Bracken, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

18.     As a direct and proximate result of the negligence of Defendants, Plaintiff, Andrew Bracken, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

19.     As a direct and proximate result of negligence of Defendants, Plaintiff, Andrew Bracken, has suffered loss of wages and earning capacity.

## COUNT I

### Plaintiff, Andrew Bracken v. Defendant, DOLGENCORP, LLC d/b/a Dollar General

20.     Plaintiff, Andrew Bracken incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

21.     The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, DOLGENCORP, LLC d/b/a Dollar General, by and through its agents, servants, workmen and/or employees and consisted of the following:

        a.     failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on trailer #11824;

        b.     causing and/or permitting a dangerous and hazardous condition to exist on trailer #11824 which Defendant, DOLGENCORP, LLC d/b/a Dollar

Case ID: 180800350

08/20/2018

General, knew or should have known caused an unreasonable risk of harm to

Plaintiff;

      c.      failing to properly and adequately construct, repair and maintain

the lift gate on trailer #11824;

      d.      failing to properly and adequately maintain trailer #11824 so as to

prevent the dangerous and hazardous condition to exist;

      e.      failing to protect the safety of Plaintiff as it relates to the above

acts of negligence;

      f.      causing, allowing and/or permitting a dangerous condition on

trailer #11824, so as to constitute a menace, danger, nuisance and trap to

Plaintiff; and

      g.      failing to properly perform its statutory, common law and

ordinance duties as it relates to the above acts of negligence.

      WHEREFORE, Plaintiff, Andrew Bracken, demands judgment in his favor against

defendant, DOLGENCORP, LLC d/b/a Dollar General, in a sum in excess of Fifty Thousand

Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other

relief allowed by law.

## COUNT II

### Plaintiff, Andrew Bracken v. Defendant, Dollar General Corporation

      22.      Plaintiff, Andrew Bracken incorporates herein by reference the allegations

contained in the above paragraphs as though the same was herein set forth at length.

      23.      The aforesaid act was caused as a direct and proximate result of the carelessness

and negligence of defendant, Dollar General Corporation, by and through its agents, servants,

Case ID: 180800350

08/20/2018

workmen and/or employees and consisted of the following:

    a.    failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on trailer #11824;

    b.    causing and/or permitting a dangerous and hazardous condition to exist on trailer #11824 which defendant, Dollar General Corporation, knew or should have known caused an unreasonable risk of harm to Plaintiff;

    c.    failing to properly and adequately construct, repair and maintain the lift gate on trailer #11824;

    d.    failing to properly and adequately maintain trailer #11824 so as to prevent the dangerous and hazardous condition to exist;

    e.    failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

    f.    causing, allowing and/or permitting a dangerous condition on trailer #11824, so as to constitute a menace, danger, nuisance and trap to Plaintiff; and

    g.    failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Andrew Bracken, demands judgment in his favor against defendant, Dollar General Corporation, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

Case ID: 180800350

08/20/2018

## COUNT III

### Plaintiff, Andrew Bracken v. Defendant, Dollar General Distribution Center

24.     Plaintiff, Andrew Bracken incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

25.     The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Dollar General Distribution Center, by and through its agents, servants, workmen and/or employees and consisted of the following:

a.      failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on trailer #11824;

b.      causing and/or permitting a dangerous and hazardous condition to exist on trailer #11824 which Defendant, Dollar General Distribution Center, knew or should have known caused an unreasonable risk of harm to Plaintiff;

c.      failing to properly and adequately construct, repair and maintain the lift gate on trailer #11824;

d.      failing to properly and adequately maintain trailer #11824 so as to prevent the dangerous and hazardous condition to exist;

e.      failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

f.      causing, allowing and/or permitting a dangerous condition on trailer #11824, so as to constitute a menace, danger, nuisance and trap to Plaintiff; and

g.      failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

Case ID: 180800350

08/20/2018

WHEREFORE, Plaintiff, Andrew Bracken, demands judgment in his favor against Defendant, Dollar General Distribution Center, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

<u>COUNT IV</u>

<u>Plaintiff, Andrew Bracken v. Defendant, Werner Enterprises</u>

26.     Plaintiff, Andrew Bracken incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

27.     The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Werner Enterprises, by and through its agents, servants, workmen and/or employees and consisted of the following:

      a.     failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on trailer #11824;

      b.     causing and/or permitting a dangerous and hazardous condition to exist on trailer #11824 which defendant, Werner Enterprises, knew or should have known caused an unreasonable risk of harm to Plaintiff;

      c.     failing to properly and adequately construct, repair and maintain the lift gate on trailer #11824;

      d.     failing to properly and adequately maintain trailer #11824 so as to prevent the dangerous and hazardous condition to exist;

      e.     failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

      f.     causing, allowing and/or permitting a dangerous condition on

Case ID: 180800350

08/20/2018

trailer #11824, so as to constitute a menace, danger, nuisance and trap to Plaintiff; and

g.      failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Andrew Bracken, demands judgment in his favor against Defendant, Werner Enterprises, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

## COUNT V

### Plaintiff, Andrew Bracken v. Defendant, Stephen Kujovsky

28.     Plaintiff, Andrew Bracken incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

29.     The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Stephen Kujovsky , by and through his agents, servants, workmen and/or employees and consisted of the following:

a.      failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on trailer #11824;

b.      causing and/or permitting a dangerous and hazardous condition to exist on trailer #11824 which defendant, Stephen Kujovsky, knew or should have known caused an unreasonable risk of harm to Plaintiff;

c.      failing to properly and adequately construct, repair and maintain the lift gate on trailer #11824;

d.      failing to properly and adequately maintain trailer #11824 so as to prevent the dangerous and hazardous condition to exist;

Case ID: 180800350

08/20/2018

e.     failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

f.     causing, allowing and/or permitting a dangerous condition on trailer #11824, so as to constitute a menace, danger, nuisance and trap to Plaintiff; and

g.     failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Andrew Bracken, demands judgment in his favor against Defendant, Stephen Kujovsky, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

LUNDY LAW, LLP

Date: ___8/8/18___          BY: _____
                                 Andrew J. Van Wagner, Esquire
                                 Attorney for Plaintiff(s)

Case ID: 180800350

08/20/2018

<u>VERIFICATION</u>

Andrew Bracken hereby states that he is the Plaintiff in the above action and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.  He understands that the statements therein are made subject to the penalties of 18 P.A. C.S.A. §4904, relating to unsworn falsification to authorities.

Andrew Bracken, Plaintiff

Case ID: 180800350

08/20/2018

| ANDREW BRACKEN | : | PENNSYLVANIA COURT OF COMMON |
| Plaintiff | : | PLEAS, PHILADELPHIA COUNTY |
| | : | |
| v. | : | CASE NO.  180800350 |
| | : | |
| DOLGENCORP, LLC DBA DOLLAR | : | |
| GENERAL; WERNER ENTERPRISES; | : | |
| STEPHEN KUJOVSKY, DOLLAR | : | |
| GENERAL DISTRIBUTION CENTER, | : | |
| DOLLAR GENERAL | : | |
| HEADQUARTERS | : | |
| Defendants | : | |

*Filed and Attested by the
Office of Judicial Records
29 AUG 2018 10:27 pm
G.  IMPERATO*

## ENTRY OF APPEARANCE

TO THE COURT:

Kindly enter the appearance of MATTHEW T. PISANO, ESQUIRE on behalf of Defendants Dolgencorp, LLC (incorrectly identified as Dollar General Distribution Center and Dollar General Corporate Headquarters) and Stephen Kujovsky in the above matter.  A jury trial is demanded.

### PISANO LAW FIRM

By:    *Matthew T. Pisano*
Matthew T. Pisano, Esquire
Attorneys for Defendants
Dolgencorp, LLC and Stephen Kujovsky

Date:    August 29, 2018

NOTICE TO PLEAD

You are hereby noticed to plead to the
enclosed Answer or a Complaint with Notice
Mater within twenty (20) days a Judgment
may be entered against you.

_/s/ Jon Michael Dumont_
Jon Michael Dumont

**SALMON RICCHEZZA SINGER & TURCHI, LLP**
By:      Jon Michael Dumont
         James R. Callan
I.D. Nos. 69083/88762                        Attorneys for Defendant
1601 Market Street, Suite 2500               Werner Enterprises, Inc.
Philadelphia, PA 19103
(215) 606-6600
jdumont@srstlaw.com
jcallan@srstlaw.com

| | | |
|---|---|---|
| ANDREW BRACKEN, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | August Term 2018 |
| | : | No.: 350 |
| DOLGENCORP, LLC d/b/a DOLLAR | : | |
| GENERAL, DOLLAR GENERAL | : | **JURY TRIAL DEMANDED** |
| CORPORATE HEADQUARTERS, | : | |
| DOLLAR GENERAL DISTRIBUTION | : | |
| CENTER, WERNER ENTERPRISES, | : | |
| And STEPHEN KUJOVSKY, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT WERNER ENTERPRISES, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Werner Enterprises, Inc., improperly identified in the Complaint as Werner

Enterprises, by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, hereby

answers plaintiff's Complaint, pursuant to the Pennsylvania Rules of Civil Procedure, as follows:

{00340618.DOC}

Case ID: 180800350

1.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 1 of the Complaint, and accordingly, those averments are denied.

2.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 2 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

3.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 3 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

4.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 4 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

5.      Admitted in part; denied in part. Answering defendant admits only that Werner Enterprises, Inc. is a corporation with a business office located at 14507 Frontier Road, Omaha, Nebraska.  The remaining averments contained in paragraph 5 of the Complaint are denied.

6.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 6 of the Complaint, and accordingly, those averments are denied.

7.      Denied. The averments contained in paragraph 7 of the Complaint are conclusions of law to which no response is required, and accordingly, those averments are denied.

Case ID: 180800350

8.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of remaining averments contained in paragraph 8 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

9.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 9 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

10.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 10 of the Complaint, and accordingly, those averments are denied.

11.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 11 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

12.      Denied. The averments contained in paragraph 12 of the Complaint are conclusions of law to which no response is required, and accordingly, those averments are denied.

13.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 13 of the Complaint, and accordingly, those averments are denied.

14.      Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in

Case ID: 180800350

paragraph 14 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

15.     Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 3 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied. By way of further answer, this defendant denies any such negligence and demand strict proof thereof at trial.

16.     Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 16 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied. By way of further answer, this defendant denies any such negligence and demand strict proof thereof at trial.

17.     Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 17 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied. By way of further answer, this defendant denies any such negligence and demand strict proof thereof at trial.

18.     Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 18 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied. By way of further answer, this defendant denies any such negligence and demand strict proof thereof at trial.

Case ID: 180800350

19.     Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 19 of the Complaint, or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied. By way of further answer, this defendant denies any such negligence and demand strict proof thereof at trial.

**COUNT I**
**Plaintiff v. DOLGENCORP, LLC d/b/a Dollar General**

20.     Answering defendant incorporates by reference its answers to paragraphs 1 through 19 above as though same were set forth at length herein.

21.     Denied. The averments contained in paragraph 21 of the Complaint, and its sub-parts (a) through (g), are not directed to answering defendant. To the extent an answer is required, this defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 21 of the Complaint, and its sub-parts (a) through (g), or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

WHEREFORE, defendant, Werner Enterprises, Inc., demands that plaintiff's Complaint be dismissed with prejudice as to it, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

**COUNT II**
**Plaintiff v. Dollar General Corporation**

22.     Answering defendant incorporates by reference its answers to paragraphs 1 through 21 above as though same were set forth at length herein.

23.     Denied. The averments contained in paragraph 23 of the Complaint, and its sub-parts (a) through (g), are not directed to answering defendant. To the extent an answer is

Case ID: 180800350

required, this defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 23 of the Complaint, and its sub-parts (a) through (g), or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

WHEREFORE, defendant, Werner Enterprises, Inc., demands that plaintiff's Complaint be dismissed with prejudice as to it, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

**COUNT III**
**Plaintiff v. Dollar General Distribution Center**

24.    Answering defendant incorporates by reference its answers to paragraphs 1 through 23 above as though same were set forth at length herein.

25.    Denied. The averments contained in paragraph 25 of the Complaint, and its sub-parts (a) through (g), are not directed to answering defendant. To the extent an answer is required, this defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 25 of the Complaint, and its sub-parts (a) through (g), or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

WHEREFORE, defendant, Werner Enterprises, Inc., demands that plaintiff's Complaint be dismissed with prejudice as to it, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

Case ID: 180800350

## COUNT IV
### Plaintiff v. Werner Enterprises

26.     Answering defendant incorporates by reference its answers to paragraphs 1 through 25 above as though same were set forth at length herein.

27.     Denied.  Answering defendant denies any such negligence or carelessness and demand strict proof thereof at trial. By way of further answer, the averments contained in paragraph 27 of the Complaint, and its sub-parts (a) through (g), are conclusions of law to which no response is required, and accordingly, those averments are denied.

WHEREFORE, defendant, Werner Enterprises, Inc., demands that plaintiff's Complaint be dismissed with prejudice as to it, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## COUNT V
### Plaintiff v. Stephen Kujovsky

28.     Answering defendant incorporates by reference its answers to paragraphs 1 through 27 above as though same were set forth at length herein.

29.     Denied. The averments contained in paragraph 29 of the Complaint, and its sub-parts (a) through (g), are not directed to answering defendant. To the extent an answer is required, this defendant is without sufficient knowledge or information upon which to form a belief as to the truth of averments contained in paragraph 29 of the Complaint, and its sub-parts (a) through (g), or the averments are conclusions of law to which no response is required, and accordingly, those averments are denied.

WHEREFORE, defendant, Werner Enterprises, Inc., demands that plaintiff's Complaint be dismissed with prejudice as to it, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

Case ID: 180800350

## NEW MATTERS

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's injuries and damages, if any, were caused solely and directly as a result of plaintiff's own negligence, carelessness and recklessness.

3.      Plaintiff assumed the risk of any damages or injuries, and therefore, his claims are barred or limited.

4.      The negligence of plaintiff either bars his right to recover completely, or reduces his claims based upon the extent of plaintiff's negligence under the doctrine of comparative negligence and/or contributory negligence.

5.      The service of process upon defendants was improper or insufficient.

6.      Plaintiff's claims are barred by the doctrine of *laches*.

7.      Plaintiff's claims are barred or limited by their violation of the rules, regulations, and statutes of the Commonwealth of Pennsylvania and of all local authorities relevant hereto, governing the operation of motor vehicles on the streets and highways.

8.      Defendant claims any and all defenses available to it pursuant to Pennsylvania's Financial Responsibility Law. 75 Pa.C.S.A. § 1701 *et seq.*

9.      Plaintiff's alleged accident was proximately caused, in whole or in part, by the fault of third parties for whom answering defendant had no control over and for whom it is not legally responsible.

10.      No omissions or conduct on the part of answering defendant contributed to plaintiff's injuries and damages, if any.

Case ID: 180800350

11.     Under all of the circumstances existing, answering defendant acted reasonably, carefully, lawfully and prudently, fulfilling any and all duties owed to persons in the position of the plaintiff, to the extent reasonable and possible.

12.     Plaintiff failed to mitigate his alleged damages.

13.     The damages complained of by plaintiff preexisted, or are unrelated to the accident which is the subject matter of this Complaint.

14.     Any negligence, carelessness, recklessness and/or omissions of other individuals and/or entities, constitutes intervening, superseding causes of the damages alleged to have been sustained by plaintiff, said damages being denied.

15.     Plaintiff's claims are barred by any release, collateral estoppel or res judicata.

16.     Plaintiff's alleged damages, if any, were the result of an unavoidable accident or sudden emergency.

17.     This Honorable Court lacks personal and/or subject matter jurisdiction over answering defendant.

WHEREFORE, defendant, Werner Enterprises, Inc., demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint as to answering defendant together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate under the circumstances.

Case ID: 180800350

## JURY DEMAND

Defendants demand a jury of twelve.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: */s/ Jon Michael Dumont*
                   Jon Michael Dumont
                   James R. Callan
                   Attorney for Defendant,
                   Werner Enterprises, Inc.

Date:   September 10, 2018.

Case ID: 180800350

## VERIFICATION

I, Emily Rosenvold, Sr., Bodily Injury Claims Examiner for defendant, Werner Enterprises, Inc., hereby verify that the facts set forth in the foregoing Defendant's Answers to Plaintiff's Complaint on behalf of Werner Enterprises, Inc., are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the Penalties of 18 Pa. Const. Stat. Ann. Section 4904, relating to unsworn falsification to authorities.

Emily Rosenvold, AIG
Sr. Bodily Injury Claims Examiner
Werner Enterprises, Inc.

Dated:

9·10·18

Case ID: 180800350

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint has been

served via electronic filing upon the following:

Andrew Vanwagner, Esquire
Lundy Law, LLP
1635 Market Street, 19th Floor
Philadelphia, PA 19103
**Attorney for Plaintiff**

Matthew T. Pisano, Esquire
Pisano Law Firm
1628 John F. Kennedy Blvd.
8 Penn Center – Suite 1002
Philadelphia, PA 19103
**Attorneys for Co-Defendants**


SALMON RICCHEZZA SINGER & TURCHI, LLP


By:     /s/ *Jon Michael Dumont*
_____
Jon Michael Dumont
James R. Callan
Attorney for Defendant,
Werner Enterprises, Inc.


Dated: September 10, 2018.

Case ID: 180800350

LUNDY LAW, LLP
BY:  ANDREW J. VAN WAGNER, ESQUIRE
IDENTIFICATION NO.:  309486
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA  19103-2297
856-382-1310
avanwagner@lundylaw.com

ATTORNEY

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

August, 2018 TERM

No. 180800350

| | |
|---|---|
| Andrew Bracken | |
| | Plaintiff |
| | v. |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, et al | |
| | Defendants |

## PLAINTIFF'S REPLY TO DEFENDANT, WERNER ENTERPRISES, LLC'S ANSWER TO COMPLAINT WITH NEW MATTER

1. – 17. Denied. The allegations in these paragraphs are legal conclusions to which no response is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent the allegations are deemed to be factual, those allegations are specifically denied, and strict proof thereof is demanded at trial. To the extent these allegations attempt to interpret, discuss or characterize Pennsylvania substantive or statutory law, the law speaks for itself and any interpretation, discussion or characterization of the law by Defendant is specifically denied.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and other relief this court deems necessary.

LUNDY LAW, LLP

Date:  _____9/21/18_____       BY: _____

Andrew J. Van Wagner, Esquire
Attorney for Plaintiff

Case ID: 180800350

# EXHIBIT B

| ANDREW BRACKEN | : | PENNSYLVANIA COURT OF COMMON |
|---|---|---|
| Plaintiff | : | PLEAS, PHILADELPHIA COUNTY |
| | : | |
| v. | : | CASE NO.  180800350 |
| | : | |
| DOLGENCORP, LLC DBA DOLLAR | : | |
| GENERAL; WERNER ENTERPRISES; | : | |
| STEPHEN KUJOVSKY, DOLLAR | : | |
| GENERAL DISTRIBUTION CENTER, | : | |
| DOLLAR GENERAL | : | |
| HEADQUARTERS | : | |
| Defendants | : | |

## AFFIDAVIT

I, STEPHEN KUJOVSKY, being duly sworn, of age, make this affidavit of my own personal knowledge while affirming and attesting to the following with full knowledge of the penalties relating to sworn false statement to authorities:

1.    I am an adult individual who resides in Lebanon, Pennsylvania.

2.    I am not presently employed by any party to this litigation.

3.    I have never been employed by Dolgencorp, LLC/Dollar General at the Elmira, NY retail store.

4.    I was employed by Dolgencorp, LLC at the Bethel, Pennsylvania Distribution Center from April, 2013 until January 7, 2016.

5.    I understand Plaintiff is alleging personal injury occurred on February 16, 2017 and I was not employed by any party to this litigation on this date of loss.

*Further Affiant Sayeth Naught.*

Stephen Kujovsky

Sworn to and Subscribed
on this   3 l   day of
O ct .    ,2018
Notary Public

Commonwealth of Pennsylvania

NOTARIAL SEAL
THOMAS G. ARNOLD, Notary Public
East Hempfield Twp., Lancaster Co., PA
My Commission Expires Feb. 10, 2020