IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BRACKEN <br><br> Plaintiff <br> vs. <br><br> DOLGENCORP, LLC D/B/A DOLLAR GENERAL, et al <br><br> Defendants | CIVIL ACTION <br><br> NO. 2:18-cv-4703MAK |

**PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 USC § 1447(C)**

Plaintiff, Andrew Bracken, by and through his undersigned counsel, hereby submits the following Motion to Remand as follows:

1. This personal injury matter arises out of an incident that occurred on February 16, 2017 wherein Plaintiff sustained serious and permanent injuries while attempting to load goods onto a faulty and/or malfunctioning lift gate attached to trailer #11824.[1] (hereinafter referred to as the "Incident").

2. At all times material hereto, trailer #11824 was owned and/or controlled by Defendants Dolgencorp, LLC d/b/a Dollar General, Dollar General Corporation and/or Werner Enterprises, Inc.

3. At all times material hereto, trailer #11824 was stored, maintained, managed, controlled and/or supervised at the Dollar General Distribution Center located at 30 Martha Drive, Bethel, PA 19507.

4. Plaintiff, Andrew Bracken, commenced this action against Defendants Dolgencorp, LLC, d/b/a Dollar General, Dollar General Corporation, Dollar General Distribution Center (hereinafter collectively referred to as the "Dollar General Defendants"), Steven

---

[1] While the injury occurred at a Dollar General location in Elmira, NY, Plaintiff avers that said location did not in any way contribute to Plaintiff's injuries for reasons set forth more fully below.

Kujovsky and Werner Enterprises in the Court of Common Pleas of Philadelphia County on August 8, 2018 by the filing of a Complaint seeking compensatory damages in an amount in excess of $50,000.00. (See Exhibit "A").

5. On August 20, 2018, Defendants, Dolgencorp, LLC d/b/a Dollar General and Dollar General Headquarters were served with the Complaint. (See Exhibit "B").

6. On August 22, 2018, Defendant, Stephen Kujovsky, was served with the Complaint. (See Exhibit "C").

7. On August 23, 2018, the insurance adjuster for Defendants Dolgencorp, LLC d/b/a Dollar General, Dollar General Distribution Center and Stephen Kujovsky, with whom Plaintiff's counsel had been communicating prior to the filing of the lawsuit, was put on notice that a Complaint had been filed against her insureds in the Court of Common Pleas of Philadelphia. (See Exhibit "D").

8. On August 27, 2018, Defendant, Dollar General Distribution Center, was served with the Complaint. (See Exhibit "E").

9. On August 29, 2018, counsel for the Dollar General Defendants and Stephen Kujovsky, entered his appearance in the action in the Court of Common Pleas of Philadelphia County. (See Exhibit "F").

10. On November 1, 2018, seventy-three (73) days after service of the Complaint and sixty-four (64) days after counsel entered his appearance, the Dollar General Defendants filed this untimely Notice of Removal alleging that said Notice is timely as they were not aware the amount in controversy exceeded the $75,000.00 jurisdictional limit until October 29, 2018. (See Exhibit "G").

11. This Honorable Court should completely reject this argument as even a basic review of the Complaint clearly indicates that the Dollar General Defendants should have reasonably and intelligently concluded that the amount in controversy exceeds $75,000.00.

12. In addition to pleading compensatory relief in excess of $50,000.00, the Complaint states the following regarding damages:

> 15. At all times material hereto, Defendants, acted and/or failed to act by and through its respective agents, servants, workmen and/or employees. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Andrew Bracken, **has suffered severe and permanent injuries to his body which include but are not limited to, herniations to the lumbar spine and corresponding radiculopathy**. Plaintiff, Andrew Bracken, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Andrew Bracken, sustained an aggravation and/or exacerbation of injuries both known and unknown. **He has in the past and will in the future undergo severe pain and is unable to attend to his usual duties and occupation, all to his great financial detriment and loss.**
>
> 16. As a direct and proximate result of the negligence of Defendants, **Plaintiff, Andrew Bracken, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention** and may be required to expend additional sums for the same purpose in the future.
>
> 17. As a direct and proximate result of the negligence of Defendants, **Andrew Bracken, has been prevented from attending to his usual daily activities and duties**, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.
>
> 18. As a direct and proximate result of the negligence of Defendants, Plaintiff, Andrew Bracken, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.
>
> 19. **As a direct and proximate result of negligence of Defendants, Plaintiff, Andrew Bracken, has suffered loss of wages and earning capacity.**

(See Exhibit "A") (emphasis added)

13. Plaintiff submits that compensatory damage award for an incident that caused two herniated discs in forty-one year old young man when read together with the language in the Complaint that the injuries are permanent, require ongoing medical attention, prevent him from attending to his usual daily activities and duties, caused physical pain and mental anguish and humiliation, caused a loss of wages and earning capacity and that Plaintiff will continue to suffer same for an indefinite period of time in the future all reasonably and intelligently lead to the conclusion that the damages in this matter vastly exceed the $75,000.00 jurisdictional limit.

14. Furthermore, the Dollar General Defendants were well aware that the damages from the Incident exceeded the $75,000.00 jurisdictional limit before the Complaint was filed.

15. On March 20, 2018 and on April 12, 2018, the undersigned submitted demand packages to the adjuster for the Dollar General Defendants which contained over 300 pages of Plaintiff's medical records and wherein Plaintiff disclosed that due to his injuries he was out of work for approximately ten (10) months and had a workers' compensation lien of $112,653.30. (See Exhibit "H").

16. A defendant seeking removal of an action must file a petition for removal with the district court within thirty (30) days of Plaintiff's service of the complaint upon defendant. 28 U.S.C. § 1441. The removing defendant bears the burden of establishing removal and **compliance with *all* pertinent procedure requirements**. Dietz v. Avco Corp., 168 F. Supp. 3d 747 (E.D. Pa 2016) (emphasis added).

17. Even where the amount in controversy is not specifically enumerated in the Complaint, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum. See Sims v. PerkinElmer Instruments, LLC, No. CIV.A.04-3773, 2005 U.S. Dist. LEXIS 5300, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005).

18. An untimely Notice of Removal is a defect in the removal procedure and is grounds for remand. 28 U.S.C. § 1447(c).

19. Based on the foregoing, it is clear the Dollar General Defendants not only had actual knowledge but should have reasonably and intelligently known from the language in the Complaint that Plaintiff had sustained serious and permanent injuries to his low back, was still

{01824541:1; 341290; AV; AV;}

participating in ongoing treatment and had lost significant wages as a result of his injuries and, therefore, been aware that amount in controversy exceeded the $75,000.00 jurisdictional limit.

23. Thus, waiting seventy-three days from the service of the Complaint to file this Notice of Removal is an inexcusable defect in the removal procedure and this case should be remanded back to the Court of Common Pleas of Philadelphia.

24. Furthermore, at the time the Complaint was filed, Plaintiff, upon information and belief, thought Defendant, Steven Kujovsky, was the director of operations for the Dollar General Distribution Center in Bethel, Pa.

25. Since the filing of the Complaint, Plaintiff has learned Mr. Kujovsky was not employed by the Dollar General Distribution Center at the time of the Incident, and, therefore, Plaintiff has no issue with dismissing Mr. Kujovsky, without prejudice, from this action and substituting in those individuals responsible for overseeing the trailer maintenance facility located at the Dollar General Distribution Center in Bethel, Pa and/or those individuals who were responsible for repairing trailer #11824 in or around the time of the incident.

26. The identities of said individuals are specifically within the knowledge of Dollar General Defendants and are currently unknown to Plaintiff.

27. Plaintiff's counsel has reached out to counsel for the Dollar General Defendants requesting said information, but has yet to receive a response.

28. Upon information and belief, once said individuals are identified, diversity jurisdiction will no longer exist as these individuals are likely citizens of Pennsylvania.

WHEREFORE, for all the foregoing reasons, plaintiff, Andrew Bracken, respectfully requests that this Court enter an Order in the form attached hereto and remand this matter to the Court of Common Pleas, Philadelphia County.

Respectfully submitted,

*[signature]*

Andrew J. Van Wagner, Esquire
1635 Market Street, 19th Floor
Philadelphia, PA  19103
215-567-3000
Email:  avanwagner@lundylaw.com

{01824541:1; 341290; AV; AV;}