## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW BRACKEN** | **: CIVIL ACTION** |
| | : |
| **v.** | **: NO. 18-4703** |
| | : |
| **DOLGENCORP, LLC, *et al.*** | : |

## MEMORANDUM

**KEARNEY, J.**                                                           **November 29, 2018**

A Philadelphia tractor trailer operator sued companies from outside Pennsylvania in the Philadelphia state court for permanent personal injuries, including spinal damage, suffered when a trailer lift gate malfunctioned. He served his state court complaint in late August 2018. While defendants in state court actions may remove to federal court a case seeking more than $75,000 between completely diverse parties, they must do so within thirty days of when they can reasonably and intelligently conclude the case involves more than $75,000. Congress does not allow parties to sit on their rights and remove a state court case to this Court long after knowing the case is within our subject matter jurisdiction. We today review a defendant's removal filed more than thirty days after service of the complaint upon it. The issue is whether the complaint served in late August 2018 allowed defendants to reasonably and intelligently conclude the tractor trailer operator seeks more than $75,000. If so, removal in November 2018 is untimely. The complaint allowed the defendants to reasonably and intelligently conclude the tractor trailer operator suffered damages more than $75,000 based on permanent spinal and nervous system injuries, ongoing medical care, lost wages and lost earning capacity. He alleged these injuries and losses which defendants knew upon service even though he did not specify the dollar amount until weeks ago. After careful review, we remand this case to the Philadelphia Court of Common Pleas.

## I. Background

Philadelphian Andrew Bracken sued out-of-state Dolgencorp, LLC d/b/a Dollar General ("Dolgencorp"), Dollar General Corporate Headquarters, Dollar General Distribution Center, Werner Enterprises, and Pennsylvania citizen Stephen Kujovsky in the Philadelphia County Court of Common Pleas on August 8, 2018.[1]

Mr. Bracken plead personal injury suffered while unloading goods into a trailer at a Dollar General store in Elmira, New York. He swears to suffering "severe and permanent injuries to his body which include but are not limited to, herniations to the lumbar spine and corresponding radiculopathy . . . internal injuries of an unknown nature . . . severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known . . . [and] aggravation and/or exacerbation of injuries both known and unknown."[2] He alleges he "has in the past and will in the future undergo severe pain and is unable to attend to his usual duties and occupation, all to his great financial detriment and loss."[3] He "has been compelled to effectuate a cure for [his] injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future"; "has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future ..."; "has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future"; and "has suffered loss of wages and earning capacity."[4] He brings negligence claims against Dolgencorp, Mr. Kujovsky, and Werner Enterprises each for damages in excess of $50,000.[5]

Mr. Bracken served Dolgencorp and Dollar General Corporate Headquarters on August 20, 2018;[6] Mr. Kujovsky on August 22, 2018;[7] and Dollar General Distribution Center on August 29,

2

2018.[8] We have no evidence of service on Defendant Werner Enterprises. On August 29, 2018, counsel for Dolgencorp and Mr. Kujovsky entered his appearance in the state court action.[9]

On November 1, 2018, seventy-two days after service on Dolgencorp and seventy days after service on Mr. Kujovsky, Dolgencorp filed a Notice of Removal in this Court.[10] Dolgencorp invoked our diversity jurisdiction alleging the amount in controversy exceeds $75,000 and all parties are diverse. Dolgencorp argued his removal is timely because Mr. Bracken's complaint did not provide a "good faith basis to determine an amount in controversy."[11] Dolgencorp removed on November 1, 2018 swearing it first received notice of the amount of controversy on October 29, 2018, when Dolgencorp's "counsel sought a settlement demand from Plaintiff's counsel and was advised for the first time that a demand could not be made as the Plaintiff was still in treatment and there was potential for surgical intervention."[12]

On November 9, 2018, Dolgencorp filed an Amended Notice of Removal.[13] The Amended Notice now claimed Mr. Bracken filed a November 2, 2018 Case Management Conference Memorandum with the Pennsylvania Court of Common Pleas representing medical bills of $20,304.67; past lost wages of $90,371.58; a workers' compensation lien of $110,676.25; and a total demand of $650,000.[14] Dolgencorp argued the Memorandum constituted "further evidence that the requisite amount in controversy is satisfied."[15]

## II. Analysis

Mr. Bracken moves to remand arguing Dolgencorp's removal is untimely because it should have "reasonably and intelligently concluded" the amount in controversy exceeded $75,000 when it received service of the complaint on August 20, 2018.[16] Dolgencorp argues its notice of removal is timely because Mr. Bracken's complaint contains general conclusory boilerplate allegations of injury insufficient to have allowed it to make a reasonable and intelligent conclusion regarding the

amount in controversy.[17] Dolgencorp contends the complaint did not "provide a good faith basis to determine an amount in controversy."[18] It contends it did not know damages exceeded $75,000 until it sought a settlement demand from Mr. Bracken on October 29, 2018, when Dolgencorp "was advised for the first time that a demand could not be made as the Plaintiff was still in treatment and there was potential for surgical intervention."[19]

The Defendants may remove "any action brought in a State court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending."[20] A defendant may remove a civil action where the amount in controversy exceeds $75,000 and is between citizens of different states.[21] Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[22] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[23]

A defendant must file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[24] The initial thirty-day period for removal "is only triggered when 'the four corners of the pleading … inform[] the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'"[25] If removability of an action is not apparent from the face of the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[26] "[C]ourts typically require that an 'other paper' . . . consist of a written document," not oral communications.[27]

4

The thirty-day period begins to run when a defendant can "reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum."[28] The burden of proof is on the party attempting removal "to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)."[29] A pleading need not "allege a specific dollar amount to give notice to the defendant of the existence of Federal jurisdiction."[30] "[I]n the context of a personal injury lawsuit between diverse parties, 'severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period.'"[31]

The allegations in Mr. Bracken's complaint mirror the allegations in other cases in which courts have found defendants had notice of a removable amount in controversy. In *Russo v. Wal-Mart Stores East*, for instance, the plaintiff alleged he suffered "severe and painful injuries[,] will continue to suffer great pain and agony in the future, has already expend[ed] various sums of money for medical care and attention, and will continue to spend various sums of money for medical care and attention."[32] Although the *Russo* plaintiff only alleged an amount in excess of $40,000 in his complaint, Judge Munley remanded the case based on the plaintiff's allegations of "severe and painful injuries" he alleged will continue to suffer in the future, and for which he alleged "expend[ed] various sums of money for medical care and attention," continuing in the future.[33] Likewise, in *Peters v. Stop & Shop*, the court remanded a case in which the plaintiff claimed no specific amount but alleged she "suffered severe, permanent disabling injuries, serious disfigurement, has undergone and will undergo great pain and suffering, [and] has been and will be forced to undergo extensive medical treatment for her injuries."[34] *Russo* and *Peters* comport with similar cases.[35]

5

Like the *Russo* and *Peters* plaintiffs, Mr. Bracken alleged more than necessary for any defendant to reasonably and intelligently conclude the amount in controversy exceeded $75,000. Mr. Bracken alleged he suffered "severe and permanent injuries,"[36] which included herniations and radiculopathy. He alleged "great financial detriment and loss,"[37] "loss of wages and earning capacity,"[38] and often noted his injuries and financial damages could worsen in the future. Similarly, Mr. Bracken claimed he could not perform the usual activities of his daily life and may not be able to for an "indefinite"[39] period in the future. He alleged these damages after setting a $50,000 floor by explicitly alleging a sum in excess of $50,000 plus other costs. While boilerplate allegations will not suffice but Mr. Bracken had no obligation to plead the particular amount in controversy; rather, Dolgencorp shouldered the burden to "assess and ascertain the amount in controversy."[40] Resolving all doubts in favor of remand,[41] we find these allegations sufficed to put more than $75,000 in controversy.

We acknowledge other courts have denied remand where the complaints included similar allegations.[42] But this analysis is fact-centered in each case – we cannot assume the same buzzwords have the same monetary impact compared to the static $75,001 threshold. And we are not persuaded by these cases in light of Dolgencorp's reasoning for its late removal (an oral representation of necessary surgery and later dollar amounts), the pleaded severity and permanence of the spinal injuries and the nature of medical costs in 2018 as opposed to medical care ten years ago. For example, in *Young,* the court found the state court complaint seeking damages for a slip and fall injury at a Wal-Mart store did not provide information concerning employment and financial status. Dolgencorp's other cited authorities are based on the alleged costs of medical care approximately ten years ago and none involve the reason Dolgencorp claims it only found out in November: an oral representation of continuing medical care or a case management

6

memorandum filed in state court after the notice of removal consistent with the injuries alleged in the complaint. These removal grounds do not excuse the late removal given a fair reading of the complaint served in late August 2018.

The oral representations of ongoing medical care are not notice. Dolgencorp argues it first received notice of the amount of controversy on October 29, 2018, when Dolgencorp "sought a settlement demand from Plaintiff's counsel and was advised for the first time that a demand could not be made as the Plaintiff was still in treatment and there was potential for surgical intervention."[43] This oral representation is not a ground for removal. These facts are fairly read from the complaint.

In an amended notice of removal, Dolgencorp based its notice of the amount of controversy upon receipt of some "other paper" making the case removable, which in this case is Mr. Bracken's November 2, 2018 Case Management Conference Memorandum.[44] This memorandum is filed after the removal to this Court. The November 2, 2018 Memorandum reports medical bills of $20,304,67; past lost wages of $90,371.58; a workers' compensation lien of $110,676.25;[45] and a total demand of $650,000. Had Dolgencorp "look[ed] at the entire complaint and beyond the narrow confines of its ad damnum clause,"[46] it would have realized the possibility of such costs earlier. Mr. Bracken alleged he spent large sums on medical care and "may be required to expend additional sums for the same purpose in the future."[47] He so alleged after noting he suffered herniations to the lumbar spine, radiculopathy, and other severe injuries, the "full extent of which is not yet known." Likewise, Mr. Bracken pleaded he could not attend his usual activities and duties for an indefinite period of time. Because it is Dolgencorp's burden to assess the amount in controversy, it cannot argue ignorance of future costs when Mr. Bracken pleaded those possibilities. His November 2, 2018 writing only confirms the nature of the injuries.

Dolgencorp also argues Mr. Bracken failed to plead a specific damage figure other than pleading an amount in "excess of" $50,000. But under the Pennsylvania Rules of Civil Procedure, Mr. Bracken could *only* plead whether the amount in controversy exceeded "the jurisdictional amount requiring arbitration referral by local rule," which, in Philadelphia, is $50,000.[48] Indeed, Pennsylvania's rules "prohibited [plaintiff] from being any more specific" than he plead.[49]

## III. Conclusion

Dolgencorp should have removed this action in September 2018 within thirty days of service of the Complaint because it could have reasonably and intelligently concluded the amount in controversy exceeded $75,000. Because Dolgencorp failed to timely remove, we remand this case to state court in the accompanying Order.

---

[1] ECF Doc. No. 6-1 (Ex. A). Mr. Bracken now concedes Pennsylvania citizen Mr. Kujovsky may be dismissed and should not be considered for our diversity analysis. ECF Doc. No. 7 at 10. We would have subject matter diversity jurisdiction if Mr. Bracken initially chose this Court.

[2] ECF Doc. No. 6-1 at ¶ 15.

[3] *Id.*

[4] *Id.* at ¶¶ 16–19.

[5] Under Pennsylvania Rule of Civil Procedure 1021, Mr. Bracken's demand "shall not claim any specific sum." A claim for damages in excess of $50,000 makes an action ineligible for compulsory arbitration in the Philadelphia County Court of Common Pleas. *See* Phila. Court of Common Pleas Civil Rule *1301.

[6] ECF Doc. No. 6-1 (Ex. B).

[7] *Id.* (Ex. C).

[8] *Id.* (Ex. E).

[9] *Id.* (Ex. F). The entry of appearance indicates Dolgencorp is "incorrectly identified as Dollar General Distribution Center and Dollar General Corporate Headquarters." We refer to

8

Dolgencorp, LLC d/b/a Dollar General, Dollar General Corporate Headquarters, and Dollar General Distribution Center collectively as "Dolgencorp."

[10] ECF Doc. No. 1. Defendant Werner Enterprises consented to the removal. *Id.* at ¶ 23.

[11] *Id.* at ¶ 5.

[12] *Id.* at ¶ 6.

[13] ECF Doc. No. 5.

[14] *Id.* at Ex. B.

[15] *Id.* at ¶ 8.

[16] ECF Doc. No. 6 at ¶ 11.

[17] ECF Doc. No. 8 at ¶ 11.

[18] ECF Doc. No. 1 at ¶ 5.

[19] *Id.* at ¶ 6.

[20] 28 U.S.C. § 1441(a).

[21] *See* 28 U.S.C. § 1332(a)(1).

[22] *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

[23] *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

[24] 28 U.S.C. § 1446(b)(1).

[25] *In re Asbestos Products Liab. Litig.*, 770 F.Supp. 2d 736, 739–40 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *rev'd on other grounds by Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

[26] 28 U.S.C. § 1446(b)(3).

[27] *Boggs v. Harris*, 226 F. Supp. 3d 475, 491–92 (W.D. Pa. 2016) (quoting *Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F.Supp. 2d 428, 431 (E.D. Pa. 2002) (collecting cases finding oral statements do not trigger the thirty-day removal period).

[28] *Coralluzzo v. Darden Rests., Inc.*, No. 13-6882, 2015 WL 4713275, at *2 (E.D. Pa. Aug. 6, 2015) (quoting *Johnson v. Tesla Motors, Inc.*, No. 13-5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013)); *Huberman v. Interval Leisure Grp., Inc.*, No. 15-1560, 2015 WL 2365585, at *2 (E.D. Pa. May 18, 2015) (quoting *Sims v. PerkinElmer Instruments, LLC*, No. 04-3773, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005)); *Davis v. Donnelly*, No. 14-6163, 2015 WL 765988, at *3 (E.D. Pa. Feb. 24, 2015) (citing *Sims*, 2005 WL 746884, at *2); *Ricketts v. Wal-Mart Stores East, LP*, No. 13-7585, 2014 WL 2514615, at *2 (E.D. Pa. June 3, 2014) (citing *Johnson*, 2013 WL 5834442, at *2); *Judge v. Phila. Premium Outlets*, No. 10-1553, 2010 WL 2376122, at *3 (E.D. Pa. June 8, 2010) (citing *Sims*, 2005 WL 746884, at *2).

[29] *Russo v. Wal-Mart Stores East, L.P.*, No. 17-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) (citing *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).

[30] *McMillan v. Wilkie Trucking, Inc.*, No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014) (quoting *Sims*, 2005 WL 746884, at *2).

[31] *Russo*, 2017 WL 1832341, at *2 (alterations in original) (quoting *Carroll*, 7 F. Supp. 2d at 521–22).

[32] *Id.* (alterations in original) (internal quotations omitted).

[33] *Id.*

[34] No. 13-6085, 2013 WL 5781199, at *3 (D.N.J. Oct. 25, 2013).

[35] *See Lewis v. FCA U.S. LLC*, No. 15-2811, 2015 WL 3767521, at *2 (E.D. Pa. June 17, 2015) (remanding where plaintiff alleged various medical issues, "agonizing aches, pains and mental anguish; and she has been disabled from performing her usual duties, occupations and avocations"); *Sims,* 2005 WL 746884, at *3 (remanding where plaintiff alleged "severe and disabling injuries to the bones, muscles, blood vessels, tissues, nerves and tendons of her right lower leg, including but not limited to an injury to her Achilles tendon of her right heel"); *Carroll*, 7 F. Supp. 2d at 522 (remanding where the plaintiff alleged "disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future").

[36] ECF Doc. No. 6-1 (Ex. A at ¶ 15).

[37] *Id.*

[38] *Id.* (Ex. A at ¶ 19).

[39] *Id.* (Ex. A at ¶ 17).

[40] *Carroll,* 7 F. Supp. 2d at 521.

[41] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted).

[42] *See Young v. Wal-Mart Stores E., LP*, No. 14-06692, 2015 WL 1137089, at *4 (E.D. Pa. Mar. 12, 2015) (denying remand where plaintiff failed to allege "concrete numbers or related facts from which defendant could reasonably calculate the amount in controversy," and collecting cases holding the same); *Davis*, 2015 WL 765988 at*4 (in motor vehicle injury, denying remand where plaintiff's allegations of injury to head, body and limbs, nerves and nervous system, and loss of earnings are boilerplate and fail to denote magnitude of physical and financial injuries sufficient for defendant to calculate the amount in controversy); *Alston v. Wal-Mart Stores East, L.P.*, No. 12-3491, 2012 WL 4321973, at * 2 (E.D. Pa. Sept. 20, 2012) (denying remand in a slip and fall case where plaintiff's general allegations of injury, including a fractured ankle, sufficient to put defendant on notice the amount in controversy exceeds jurisdiction threshold); *Innaganti v. Columbia Props. Harrisburg, LLC*, No. 10-1651, 2010 WL 2136597, at *3 (E.D. Pa. May 25, 2010) (denying remand in slip and fall case where plaintiff's alleged injuries, including to her back, failed to identify a precise injury or medical condition or financial injury sufficient to give defendants adequate notice of the amount in controversy); *Bishop v. Sam's East, Inc.*, No. 08-4550, 2009 WL 1795316, at *3-*4 (E.D. Pa. June 23, 2009) (denying remand in a slip and fall case finding plaintiff's alleged injuries to knee, nerves and nervous system, "various other ills and injuries," future medical costs, and wage loss are boilerplate failing to indicate magnitude of reduced earnings and other damages sufficient to allow defendant to make determination); *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2, n.4 (E.D. Pa. July 1, 2008) (ten-year-old case denying remand in trip and fall case where plaintiff aggravated a lumbar-sacral condition requiring two surgeries and sustained injuries to hand and wrist, bruises and contusions to hand, exacerbated prior and pre-existing injuries resulting in injuries to hand and nervous system sufficient for defendant to make determination); *Marchiori v. Vanguard Car Rental USA, Inc.*, No. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) (denying remand where plaintiff's allegations of head fracture, injuries to foot and wrist insufficient to put defendants on notice claimed damages exceed jurisdictional threshold); *Miranda v. Southland Corp.*, No. 91-3267, 1991 WL 142648, at * 2 (E.D. Pa. July 22, 1991) (denying remand in slip and fall case where plaintiff alleged injuries to knee sufficient to allow defendant to determine damages exceeded jurisdictional threshold).

[43] ECF Doc. No. 5 at ¶ 6.

[44] 28 U.S.C. § 1446(b)(3).

[45] Before he sued, Mr. Bracken sent a demand package which included a workers' compensation lien totaling $112,653.30 to Dollar General's insurance adjuster. ECF Doc. No. 6-1 (Ex. H). We will not consider the demand package as evidence of notice to Dolgencorp. First, we have no proof Dolgencorp saw the demand package. It appears for the first time in Mr. Bracken's Motion to Remand. *See Davis,* 2015 WL 765988, at *5, n. 5. Second, to constitute an "other paper" which would trigger the thirty-day removal period, courts have held the defendant must receive the paper *after* the plaintiff files the complaint. *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 680 (E.D. Pa. 2018).

[46] *Russo*, 2017 WL 1832341, at *2 (alterations in original) (quoting *Carroll*, 7 F. Supp. 2d at 521–22).

[47] ECF Doc. No. 6-1 (Ex. A at ¶ 16).

[48] Pa.R.C.P. No. 1021(c).

[49] *Lewis*, 2015 WL 3767521, at \*2 (citing 42 Pa. Cons. Stat. § 7361(b)).